## A. P. Smith, Appellant, v. J. L. Snyder et al., Appellees.

INSTRUCTIONS—*when peremptory should not be given.* A peremptory instruction should not be given for the defendant where there is evidence tending to support any count of the plaintiff's declaration.

Assumpsit. Appeal from the Circuit Court of Vermilion county; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the November term, 1907. Reversed and remanded. Opinion filed April 21, 1908.

C. E. RUSSELL and REARICK & MEEKS, for appellant.

DYER & WALLBRIDGE, for appellees.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in assumpsit by appellant against appellees to recover real estate commissions. Upon the trial thereof and at the close of the plaintiff's case, by direction of the court upon motion of the defendants, the jury returned a verdict in their favor. Judgment was rendered thereon in bar and against the plaintiff for costs.

The declaration consists of the common counts, and three special counts, which set out a contract in writing between the parties, dated March 1, 1905, which in

substance constitutes appellant the agent of appellees to obtain purchasers for lands controlled by them, and provides that for all lands which appellant should sell to customers obtained by him, or to parties who should apply for such lands through his efforts or influence, he was to receive commissions at the rate of $1 per acre, upon condition that he furnished to appellees, within two weeks from date of sale, sufficient and satisfactory evidence that such customer was obtained and such sale made through his direct influence or efforts. By written indorsement in said contract the territory allotted to appellant was restricted to Pigeon Grove township, Ashgrove township, and a portion of Milford township, all in Iroquois county, Illinois.

By the third count it is alleged that the provision of the contract limiting the territory allotted to appellant was subsequently modified so as to permit him to furnish as a purchaser, his father, William Smith, who lived without said territory, appellant's performance of such modified contract and its breach by appellees. Appellant was a farmer residing in Iroquois county. Appellees resided at Hoopeston, Illinois, and were immigration agents for the sale of certain lands in Fort Bend county, Texas. Shortly after the making of the contract set out in the declaration, appellant entered into a contract with appellees to purchase through them for himself, 152 acres of said Texas land at $20 per acre, and paid on account of the purchase price the sum of $150 and agreed to shortly thereafter pay $850 more, as the balance of the first payment. His father, William Smith, upon whom he relied to furnish the latter sum, declined, however, to advance the same until he had seen the land, and about December 1, 1905, accompanied by appellees, went to Texas, where he inspected the 152-acre tract in question and also a tract of 721 acres, which appellees also had for sale. He and appellant then entered into a written contract with appellee, by virtue of which they agreed to purchase the latter tract at $18 an acre, and, as a part of the

consideration, appellees agreed to release appellant from his contract to purchase the 152-acre tract, and to allow him and his father credit for the $300 already paid thereon. Pursuant to said agreement appellant and his father jointly executed a check to appellees for $400, which, with the $300 allowed as a credit aforesaid, constituted the first payment of $700 on the 721-acre tract. Appellant afterward decided not to join in the purchase of the 721 acres and his father became the sole purchaser of the same, and it was afterward conveyed to him.

Appellant claims that under the original contract between him and appellees, he became entitled to a commission of $721, upon this latter sale to his father and seeks by the present suit to recover the same.

Under the terms of the original contract no commissions would have been due to appellant for the reason that his father, William Smith, at the time of the purchase by him of the 721 acres, resided without the territory expressly allotted to him by said contract. Appellant testified, however, that in May, 1905, appellee Snyder told him that he would reserve his father from the territory of Judy (another agent of appellees, in whose territory appellant's father resided) provided appellant would induce him to go to Texas. He further testified that he had previously mentioned the 721-acre tract to his father and told him that if he purchased through the agency of appellant, he, appellant, would get a commission upon the sale. There was therefore evidence in the case tending to show that appellees had, after the making of the original contract, waived the territorial limitation in question and that the sale of the 721-acre tract was effected through the influence and efforts of appellant, in which case he became entitled to the commissions claimed under the third count of the declaration which is based upon such alleged modification of the original contract. The evidence in the record thus tended to support a verdict for the plaintiff under the third count, and

he was entitled to have the issues of fact passed upon by the jury. The trial court erred in directing a verdict, and the judgment will be reversed and the cause remanded.

*Reversed and remanded.*